IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | | |
|---|---|---|
| CHARLEY EUGENE JACKSON, JR., | | |
| # 182240, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | Civil Action No. |
| v. | ) | 2:22cv103-WHA-CSC |
| | ) | (WO) |
| JEFFERY BALDWIN, *et al.*, | ) | |
| | ) | |
| Respondents. | ) | |

## RECOMMENDATION OF THE MAGISTRATE JUDGE

### I.  INTRODUCTION

Charley Eugene Jackson, Jr., an Alabama inmate incarcerated at the Frank Lee Youth Center in Deatsville, initiated this action by filing a petition in which he appears to seek relief from his robbery convictions and life sentence entered in the Circuit Court of Madison County in 1995. Doc. 1. Jackson incorrectly filed this action using a form meant for petitions for post-conviction relief under Rule 32 of the Alabama Rules of Criminal Procedure. The appropriate vehicle for Jackson to challenge the state court judgment under which he is incarcerated is a petition for writ of habeas corpus under 28 U.S.C. § 2254. *See Felker v. Turpin,* 518 U.S. 651, 662 (1996)*; Cook v. Baker*, 139 F. App'x. 167, 169 (11th Cir. 2005); *Malloy v. Riley*, Civil Action No. 4:02-79-IPJ (N.D. Ala. 2003), 82 F. App'x 222 (Aug. 26, 2003) (table). For the reasons discussed below, the Court finds that Jackson's petition should be transferred to the United States District Court for the Northern District of Alabama.

## II.  DISCUSSION

Title 28 U.S.C. § 2241(d) allows Jackson to bring a § 2254 habeas petition in either (a) the federal district court for the district wherein he is in custody (the Middle District of Alabama, where the Frank Lee Youth Center is located), or (b) the federal district court for the district within which the state court that convicted and sentenced him was held (the Northern District of Alabama, where the Circuit Court of Madison County is located). Section 2241(d) provides that this Court "in the exercise of its discretion and in furtherance of justice," may transfer a petitioner's § 2254 petition to "the district court for the district within which the State court was held which convicted and sentenced [the petitioner]." 28 U.S.C. § 2241(d).

The matters complained of by Jackson stem from his sentence entered by the Circuit Court of Madison County. The records and witnesses relating to these matters are likely to be located in Madison County. Therefore, this Court finds that the furtherance of justice and judicial economy will be best served by transferring this case to the United States District Court for the Northern District of Alabama for review and disposition.

## III.  CONCLUSION

Accordingly, it is the RECOMMENDATION of the Magistrate Judge that this case be TRANSFERRED to the United States District Court for the Northern District of Alabama under 28 U.S.C. § 2241(d).

It is further

ORDERED that the parties shall file any objections to this Recommendation on or before **March 18, 2022**. A party must specifically identify the factual findings and legal

conclusions in the Recommendation to which objection is made; frivolous, conclusive, or general objections will not be considered. Failure to file written objections to the Magistrate Judge's findings and recommendations under 28 U.S.C. § 636(b)(1) shall bar a party from a *de novo* determination by the District Court of legal and factual issues covered in the Recommendation and waives the right of the party to challenge on appeal the District Court's order based on unobjected-to factual and legal conclusions accepted or adopted by the District Court except upon grounds of plain error or manifest injustice. *Nettles v. Wainwright*, 677 F.2d 404 (5th Cir. 1982); 11TH CIR. R. 3-1. *See Stein v. Lanning Securities, Inc.*, 667 F.2d 33 (11th Cir. 1982). *See also Bonner v. City of Prichard*, 661 F.2d 1206 (11th Cir. 1981) (en banc).

DONE this 4th day of March, 2022.

/s/ Charles S. Coody
CHARLES S. COODY
UNITED STATES MAGISTRATE JUDGE